A. P. Polk et al. v. J. W. Herndon et al.

Decided March 28, 1906.

**Service by Publication—Setting Aside Judgment—Limitation as Defense.**

The refusal to set aside, in an action brought within two years from its rendition, a judgment recovered on citation by publication (Rev. Stats., art. 1375) where the only defense shown was that the note sued on was barred by limitation was not reversible error.

Appeal from the County Court of Coleman County. Tried below before Hon. M. M. Williams.

*D. H. Meeks,* for appellants, cited: Rev. Stats., arts. 1375, 3356; Mussina v. Moore, 13 Texas, 7; Kitchens v. Crawford, 13 Texas, 516; Snow v. Hawpe, 22 Texas, 168; Schleicher v. Markward, 61 Texas, 99; Miles v. Dana, 13 Texas Civ. App., 245; Keator v. Case, 31 S. W. Rep., 1099; Gautier v. Franklin, 1 Texas, 739-40; Long v. Anderson, 4 Texas, 422.

In all the cases holding that a new trial should not be granted in order to let in the defense of the statute of limitations, Cochran v. Middleton, 13 Texas, 275; Foster v. Martin, 20 Texas, 122; Dowell v. Winters, 20 Texas, 794; Aldridge v. Mardoff, 32 Texas, 207, the defendants were in court by personal service of citation.

*T. J. White* and *Snodgrass & Dibrell,* for appellee.—Appellants' only ground for a new trial was to urge the statute of limitation. Foster v. Martin, 20 Texas, 119; Dowell v. Winters, 20 Texas, 794; Cochrane v. Middleton, 13 Texas, 275.

KEY, Associate Justice.—On the 5th day of October, 1904, appellants instituted this proceedings, seeking to set aside a judgment rendered against them in favor of appellees on the 15th day of October, 1902. It was alleged and proved that the judgment referred to was obtained upon service by publication, appellants not having appeared in person or by attorney of their own selection, but being represented by an attorney appointed by the court. In this proceeding it was alleged and proved that appellants, when the original suit was brought and judgment obtained against them, resided in Mason County in this State, and had no notice of the existence of the suit until long after the adjournment of the court, when execution against them was issued and sent to the sheriff of Mason County.

It was not shown when the original petition was filed, unless a recital in the amended petition upon which the case was tried stating the date of the filing of the original petition, is to be regarded as evidence of that fact. However, taking that date as correct, then the plaintiff's petition showed on its face that the notes sued on were barred by limitation.

The attorney who was appointed to represent defendants filed a general denial, but interposed no plea of limitation. Limitation is the only defense which appellants claim to have to the demand upon which the judgment was obtained. The trial court refused to set aside the former

judgment, and the defendants in that judgment, who were plaintiffs in this proceedings, have appealed.

Article 1375 of the Revised Statutes, allows a defendant served by publication two years in which to have the judgment set aside for good cause shown. Article 1373, Revised Statutes, which is general in its terms, authorizes the court to grant a new trial in any case upon good cause shown; but it has been held not to constitute reversible error to refuse to grant a new trial in order to permit the defendant to interpose and establish a plea of limitation to a demand which was otherwise just and legal. (Foster v. Martin, 20 Texas, 119; Dowell v. Winters, 20 Texas, 794.)

We see no reason why the construction placed upon article 1373 should not apply to article 1375; and therefore conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*