## DUPREE v. MANSUR.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH
CIRCUIT.

No. 124. Argued April 6, 7, 1909.—Decided May 17, 1909.

Where it is established law of a State, as it is of Texas, that when a
debt is barred by limitations an action to foreclose a lien or mortgage
given as security for it is barred also, the law must be enforced in
the courts of the United States, whether sitting in law or in equity.

Whether or not the statute of limitation bars a suit to foreclose is a
question of substantive law, created by the State and not by the
United States, and not one of procedure or jurisdiction; and the
Federal court should be governed by the decisions of the State
where the land lies. *Slide & Spur Mines* v. *Seymour*, 153 U. S. 509.

The Federal courts cannot declare it wrong or inequitable for a debtor
to rely upon a state statute of limitations, as that would be to de-
clare wrong or discreditable what the legislature of the State de-
clares to be right.

THE facts are stated in the opinion.

*Mr. J. J. Darlington* for petitioners:

A sale of property under judicial proceeding concludes no
one who is not party to those proceedings, *United Lines Tel.
Co.* v. *Boston Trust Co.*, 147 U. S. 431, 448; *Pittsburg R. R. Co.*
v. *Long Island Trust Co.*, 172 U. S. 493, 515; *Meyer* v. *Construc-
tion Co.*, 100 U. S. 457, and, therefore, Mrs. Dupree not being
a party cannot be bound by the decree.

Whatever title the law gives, the purchaser takes, no
more and no less; and he must govern himself accordingly.
*Waples* v. *United States*, 110 U. S. 630, 633.

Under the decree in question, the law gave, and Duke took,
simply the title to the notes which Slayden endorsed to the
receiver for the purposes of sale and he acquired no rights ex-
cept those which resulted from the endorsement of the notes
to him.

It was also error to hold that the respondent was entitled, under his cross-bill or otherwise, to foreclosure of the vendor's lien retained by Bailey in his deed of December 31, 1894.

The Texas statute of limitations, as construed by its courts, does not bar the claim of the vendor of land under an express vendor's lien reserved in the deed of sale. Notwithstanding the fact that the deferred purchase money notes are barred by the statute, the vendor may still retake the land if the notes are unpaid; but this right is one personal to himself, and does not pass to an assignee or endorsee of the notes. *Elliott* v. *Blanc*, 54 Texas, 216, 218; *Hale* v. *Baker*, 60 Texas, 217; *Stephens* v. *Matthews' Heirs*, 69 Texas, 341–344.

The identical proposition relied upon by the petitioners in this case is recognized in *Ewell* v. *Daggs*, 108 U. S. 147, as follows: " If a debt secured by the lien of a mortgage is barred by the statute of limitations, then, according to the law in Texas, the foreclosure suit is barred, but not otherwise; for the mortgage is a mere incident of the debt." *Eborn* v. *Cannon's Admr.*, 32 Texas, 231, held that the mortgage was but an incident of the debt, and the incident in law, as in logic, must abide the fate of the principal.

Upon such questions, the law, as held by the Supreme Court of Texas, must furnish the rule of decision. *Cordova* v. *Hood*, 17 Wall. 9.

The cause of action being the debt, and its recovery the sole purpose sought to be accomplished, the case is one of concurrent jurisdiction between the courts of law and of equity, and, therefore, one in which the statute of limitations is binding in the latter forum. *Bank* v. *Daniel*, 12 Pet. 32, 56; *Bacon* v. *Howard*, 20 How. 22, 26. Even if the respondent's cause of action were based upon a purely equitable right, the statute would be applied by analogy and would be equally conclusive. *Miller's Heirs* v. *McIntyre*, 6 Pet. 61, 66–67; *Willard* v. *Wood*, 1 App. D. C. 44, 59–60, affirmed 164 U. S. 502, 520.

*Mr. Hannis Taylor,* with whom *Mr. J. M. McCormick* was on the brief, for respondent:

The effect of the decree of June 30, 1897, was to keep alive the indebtedness evidenced by the Slayden notes and the liens on the realty.

The decree did not merge the notes so that the payment to Slayden operated to extinguish the debt and liens. A court of equity can decree that a lien which otherwise would be merged or extinguished, shall not be, or that what would ordinarily amount to payment shall not have this effect. The provision for the sale of the notes and interest coupons by the receiver shows beyond controversy that the court was of opinion there was something to sell. See *Alston* v. *Muneford,* Fed. Cas. No. 267; *Williams* v. *Washington,* 16 N. E. Rep. 137; *Durham* v. *Rhodes,* 23 Maryland, 233; *Ross* v. *Duggan,* 5 Colorado, 85; *Jenness* v. *Robinson,* 10 N. H. 215; *Tarver* v. *L. M. Bk.,* 27 S. W. Rep. 40; *Fears* v. *Albea,* 69 Texas, 437.

Equitable merger is always a question of intent. See 20 Am. & Eng. Enc. of Law, 588, and under "Waiver" in 29 Am. & Eng. Enc. of Law, 1095. In this case the decree declares in express terms that the parties did not intend a merger but a subrogation.

A vendor's lien is for all of the purchase money and for every part of it until paid. It is not merely security for notes that may be given for the consideration, but is for the debt of which the notes were evidence. The lien is not affected by taking a new note, for that is but a change of the evidence, and not a payment of the debt. See *De Cordova* v. *Hood,* 17 Wall. 1, holding that, in Texas, an assignment of the notes given for purchase money carries with it the vendor's lien to the assignee. See also *Lewis* v. *Hawkins,* 23 Wall. 119.

Federal courts adopt state statutes of limitation, as such, only so far as they regulate remedies on the common-law side of the court. They do not follow a state statute of limitations when thereby manifest wrong and injustice would be wrought. 1 Foster's Fed. Practice (3d ed.), 15, 16, citing *Fogg* v. *St.*

*Louis, H. & K. R. Co.*, 17 Fed. Rep. 871, 873; Story's Eq. Jur., § 1521. See *Kirby* v. *Lake Shore R. R. Co*, 120 U. S. 130, citing *Payne* v. *Hook*, 7 Wall. 430, holding that if legal remedies are sometimes modified to suit the changes in the laws of the States, and the practice of their courts, it is not so with equitable. In his note on this case, Rose, in demonstrating that "Federal courts' equity jurisdiction is not subject to limitation by States," cites *Burdon Central Co.* v. *Ferris Mfg. Co.*, 78 Fed. Rep. 422, where, under facts, equitable lien was allowed, although laws of State in which court was sitting would give no lien; *Gregg* v. *Sanford*, 65 Fed. Rep. 157; *S. C.* 28 U. S. App. 313, and *Brown* v. *French*, 80 Fed. Rep. 169, reaffirming the rule. See also *Slide & Spur Gold Mines* v. *Seymour*, 153 U. S. 517, holding that such a lien is one which appeals strongly to the favorable consideration of a court of equity, and *Fisher* v. *Shropshire*, 147 U. S. 133. To the enforcement of this purely equitable right, over which a court of law cannot have concurrent jurisdiction, the statute of limitations can never be applied. The only question involved is one of laches.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the petitioner to quiet title to a lot of land in Waco, Texas. A cross-bill was filed by the respondent to establish and foreclose a vendor's lien and mortgage upon the same land. The facts, so far as necessary to a decision, are these. One Bailey conveyed one undivided half of the land in question to William E. Dupree, partly in consideration of five notes, for nine hundred dollars each, maturing in one, two, three, four and five years respectively, from December 31, 1894, the date of the conveyance. By the words of the deed, "the vendor's lien is hereby reserved on the said property to secure the above described notes." On the same date Dupree made a mortgage in the form of a trust deed of one undivided half of the premises to secure the same notes. These deeds were recorded the next year and later Dupree conveyed the land to his wife. whose title is not assailed ex-

cept as subject to the lien for the notes. Then Dupree conveyed other property in trust for creditors in three classes, in the first of which was included one Slayden in respect of the above-mentioned notes, of four of which he had become the holder. Forthwith certain creditors brought a bill to get the benefit of other securities held by one of the preferred creditors and for a receiver. Neither the petitioner nor Slayden were made parties, nor was this property mentioned in the bill. On the same day another similar bill was brought by W. B. Belknap & Company, unsecured creditors, in which Slayden was one of the defendants. The petitioner also was joined in respect of a vendor's lien on other land, which she was alleged fraudulently to assert. It was ordered that on the trial the two suits should be consolidated, the same person having been appointed receiver in each. Then Slayden answered and intervened for three of the notes, one having been paid. By the final decree made on June 30, 1897, it was decided that the plaintiffs in the Belknap bill, to which the petitioner was a party, take nothing by their bill; but, among many other things, the claim of Slayden on his intervention was allowed, it was adjudged that he recover the amount of Dupree and be paid out of the funds in the hands of the court, and it was ordered that thereupon he should endorse the notes, described as secured by vendor's lien on the land in question, to the receiver, without recourse, and that the receiver should sell them and pay the net proceeds into court to be applied with the other funds. The decree was carried out and the notes were sold to one Duke for $300. He afterwards sold them to Mansur, the respondent, who attempted by proceedings unnecessary to state to have the land sold. Then this bill was filed. The Circuit Court granted an injunction. This decree was reversed, and a decree of foreclosure in favor of the respondent ordered by the Circuit Court of Appeals.

The Circuit Court of Appeals proceeded upon the ground that the decree was conclusive upon the petitioner, though for what purposes or with what results is not entirely clear

and is not necessary to inquire. We shall assume that the purchaser took the notes as unpaid, with the vendor's lien attached to the same extent as if Slayden had sold them without coming into court. That certainly is the most that can be attributed to the decree. But since the date of that decree, and before the date of the bill, the notes have been barred by the Texas statute of limitations. It is established law in Texas that when a debt is barred an action to foreclose a lien or mortgage given as security for it is barred also. *Hale* v. *Baker*, 60 Texas, 217; *Goldfrank* v. *Young*, 64 Texas, 432, 434; *Stephens* v. *Mathews*, 69 Texas, 341, 344; *Davis* v. *Andrews*, 88 Texas, 524; *Brown* v. *Cates*, 99 Texas, 133. The former decree afforded no possible ground for not applying the Texas law in the present case.

The respondent argues that the vendor's lien is equitable; that the statute of limitations does not govern equitable proceedings, and that a court of equity will not be governed by the analogy of the statute unless it seems equitable to follow it; that the equity jurisdiction of the United States is not to be affected by state laws; that therefore the United States courts are unincumbered by the Texas decisions, and that they ought to say that it is inequitable to deny a remedy on the security when a suit is barred upon the debt. We will not consider in how many points we disagree with this argument, but will confine ourselves to what we deem a sufficient answer.

A vendor seems to have greater rights than are enjoyed by a purchaser of notes for the price of land, to which a vendor's lien is attached. If not inequitable, the vendor may resolve the sale for non-payment, whereas a later holder of the notes only can have the lands sold and the proceeds applied in satisfaction, and this right is lost when the notes are barred. *Stephens* v. *Mathews*, 69 Texas, 341, 344. (These notes, it will be remembered, had been sold by the vendor long before the sale under the decree.) In one case a lien expressly reserved seems to be regarded as equivalent to a mortgage. *Wilcox* v. *National Bank*, 93 Texas, 322, 331. Whether this be true or

not, we hardly see how a court of law could disregard an express reservation of security, or how a lien so reserved can be called a purely equitable right. But equitable or not it is a creation not of the United States, but of the local law of Texas. If that law should declare the words in Bailey's deed purporting to reserve a lien unavailing, it would not be for the courts of the United States to say otherwise when sitting in equity any more than when sitting at law. It appears to us equally their duty, when the local law decides that the words create a right, to take the measure of that right from the same source. The notes are barred, as well in equity as at law. By the law of Texas the security is incident to the note and does not warrant a foreclosure when the note does not warrant a judgment. This is not a matter of procedure or jurisdiction, but of substantive rights concerning land. It seems to us that it should be governed by the decisions of the State where the land lies. See *Slide & Spur Gold Mines* v. *Seymour*, 153 U. S. 509, 516.

We should add as an independent consideration that it cannot be admitted for a moment that for a debtor to rely upon the statute of limitation is inequitable of itself without some special circumstance wanting here. That would be for courts, and in this case courts of a different power, to undertake to declare wrong or discreditable what the proper authority, the legislature of the State, had declared right. There are other questions in the case, but we deem the foregoing reasons sufficient to show that the decree must be reversed.

*Decree reversed.*

June 1, 1909, Mr. Justice Holmes. To prevent misapprehension there should be added to the opinion at the end the following words:

We have considered only the question of the foreclosure on the cross-bill. The case will be remanded to the Circuit Court for further proceedings in accordance with the opinion, without prejudice to the question whether the bill can be maintained.