## Abraham Fred v. Sarah Rebecca Fred.

### Decided January 19, 1910.

**1.—Judgment—Service by Publication—New Trial—Limitation.**

A proceeding to set aside a judgment obtained on service by publication, instituted by defendant under article 1375, Rev. Stats., at a subsequent term but within two years from its rendition, is but a continuation of the original suit, as by a motion for new trial in ordinary cases, and the defendant so proceeding may, upon such new trial, defeat plaintiff's right to recover by showing a mere legal defense, as that plaintiff's action was barred by limitation. Wolf v. Sahm, 55 Texas Civ. App., 564, followed, and Polk v. Herndon, 44 Texas Civ. App., 441, 93 S. W., 531, overruled.

**2.—Same—Case Stated—Divorce.**

A husband sued his wife to have the marriage annulled because entered into under duress, it having been contracted in Russia, fourteen years before. He obtained a decree on service by publication, and the wife brought proceedings within a year to set aside this judgment and obtain a new trial, alleging fraud in obtaining the decree, and adjudication of the validity of the marriage in previous actions for divorce brought by the husband in other States. Held, that she could avail herself also of the defense of limitation upon the new trial, and the facts showing the husband's right of action to be barred, being undisputed, it was immaterial on his appeal from a judgment in her favor, whether errors to his prejudice were committed in the rulings on other issues.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*J. T. Sluder* and *Clark, Yantis & Clark,* for appellant.

*Sleeper, Boynton & Kendall,* for appellee.

FISHER, Chief Justice.—The appellant on the 25th day of February, 1907, filed a suit in the District Court of McLennan County, alleging, in substance, that he and the appellee were married on the 10th day of March, 1883, in the Empire of Russia; that he was a minor at the time of the marriage and that he was forced into the marriage with appellee by assault, duress, coercion and violence, and was compelled to submit to a marriage ceremony with appellee against his will and consent, and he sought to set aside the contract of marriage on these grounds. The appellee was alleged to be a nonresident

of the State of Texas, and citation by publication was prayed for and also a decree annulling the marriage. The citation by publication was issued and published, and the court, as required by the statute, appointed an attorney to represent the nonresident. That case was tried on July 3, 1907, and resulted in a judgment in appellant's favor annulling the marriage contract.

On June 22, 1908, the appellee filed her petition or motion to set aside the judgment denying the allegations in the appellant's petition, and alleging that the marriage was consummated at the instance, acquiescence and request of appellant, and alleging that her residence was known to the appellant at the time he filed the original petition and procured the citation by publication, and that of her family, all of whom, she alleged, resided in the city of New York. She then alleges certain divorce proceedings had between her and the appellant in the States of Nevada, North Dakota, New York and New Jersey, and she alleged that in some of these proceedings the validity of the marriage was a question, and that the subject had become res adjudicata. She also alleged ratification of the marriage contract by the appellant and pleaded fraud in procuring the judgment annulling the marriage, and also pleaded the four years statute of limitation. She prayed that the judgment so obtained by appellant be set aside, and that the relief he asked annulling the contract of marriage be denied.

The case as presented by this motion was tried before the court and jury, and the court, after hearing the evidence, peremptorily instructed a verdict in favor of appellee, upon which verdict judgment was rendered to the effect that the decree dissolving the marriage contract previously rendered in appellant's favor be set aside and that appellant be denied any relief looking towards the dissolution of the marriage agreement, and that the appellee go hence with her costs.

There is no question under the facts but that the appellant's cause of action, if any he had, was barred by the four years statute at the time he brought his suit to cancel the marriage contract, and it only remains to be seen whether that fact was sufficient defense that could be urged by appellee to defeat the appellant's cause of action, and sufficient as a basis to set aside the original decree cancelling the marriage contract. If that is true, the other grounds urged by appellee that it is claimed justified the peremptory instruction of the court, need not be considered; nor need we consider appellant's assignments of errors questioning the action of the court in taking the case away from the jury and denying appellant the right and privilege to have these questions settled and passed upon by a verdict.

There is no controversy about the question of limitation; in fact, the appellant does not notice that issue in his brief, although the appellee has urged it in a counter-proposition. But the fact is undisputed, as said before, that the appellant's original cause of action, looking towards a dissolution of the marriage contract, was barred by the four years statute of limitation when his suit was originally filed in the District Court of McLennan County.

There can be no question but that the peremptory instruction of the trial court, which went into the judgment, had the effect of granting the motion for new trial and opening up the original case for another

trial subject to a new disposition. That being true, could the defense of limitation be interposed by appellee? In Wolf v. Sahm, 55 Texas Civ. App., 564, 120 S. W., 1116, this court, in following the cases of Miles v. Dana, 13 Texas Civ. App., 240, 36 S. W., 848, and Glaze v. Johnson, 27 Texas Civ. App., 116, 65 S. W., 662, construing art. 1375 of the Revised Statutes, which allows a judgment obtained on service by publication to be set aside on good cause shown, and a new trial granted within two years, held that it is a right granted to defendant so served, extending the time in which a motion for new trial may be filed, and that such motion is to be regarded merely as a part of the original cause and not as an original proceeding to set aside a judgment by bill of review; and in disposing of the motion for rehearing in Wolf v. Sahm, 55 Texas Civ. App., 564, 121 S. W., 561, we overruled Brown v. Dutton, 38 Texas Civ. App., 294, 85 S. W., 95, which held to the contrary. The Supreme Court refused a writ of error in Wolf v. Sahm. If the application to set aside the judgment in such a case is to be treated as a motion for new trial, we see no reason why the good cause required by the article of the statute in question may not consist of a strictly legal as well as an equitable defense to the plaintiff's case, and the ruling of this court in Polk v. Herndon, 44 Texas Civ. App., 441, 93 S. W., 531, to the contrary, may be considered as overruled. The true test is that if the defendant has been cited by publication he is entitled to a new trial, if application therefor is made within two years after judgment, provided a different result may be expected to be reached upon a new trial based upon a good defense, whether legal or equitable; and this principle seems to be recognized in Snow v. Hawpe, 22 Texas, 171; Mussina v. Moore, 13 Texas, 7, and Kitchen v. Crawford, 13 Texas, 516. We are now of opinion that in Polk v. Herndon we incorrectly held that limitation could not be a basis for relief in such a case.

The limitation here being perfect, and having been pleaded by appellee in the court below, the peremptory instruction of the trial court, with the judgment, can be based upon that issue without considering any other question in the case.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

Writ of error refused for want of jurisdiction.