## LANDA et al. v. BOGLE.
### No. 9043.

Court of Civil Appeals of Texas. San Antonio.

April 26, 1933.

Rehearing Denied July 1, 1933.

Further Rehearing Denied July 26, 1933.

Adolph Seidemann and Martin Faust, both of New Braunfels, for appellants.

Cofer & Cofer, of Austin, for appellee.

SMITH, Justice.

This controversy arose from a "pre-war" transaction. It involves a real estate broker's commission alleged to have been earned by Mrs. D. M. Bogle in procuring the lease and subsequent sale of 318 acres of land situated near Austin, in Travis county, and owned at the time by Harry Landa, H. D. Gruene, and John Marbach.

The claim for commission rests upon a written contract between Mrs. Bogle and the owners of the land on August 13, 1917, in which it was provided that the owners "agree to pay to said D. M. Bogle and Company one doller per acre commission in case they lease any land described above to the U. S. Government for not less than $10.00 per acre per annum. I or we further agree to pay said D. M. Bogle * * * five per cent commission on the purchase price, whatever said price may be, should the Government purchase the same, any time after this date within five years. D. M. Bogle and Company is hereby authorized to offer my land to the Government for $150.00 per acre, if purchased within the next three years."

Mrs. Bogle procured a lease of the land, at $10 an acre per annum, to the Austin Chamber of Commerce, which was acting therein for the government of the United States, and afterwards procured a sale thereof to the state of Texas, for the use of the federal government, for a lump sum of $40,000 in cash. Landa and his associates acquiesced in the lease and subsequent sale, and made appropriate conveyances in pursuance thereof. They paid Mrs. Bogle the stipulated commission upon the lease, but paid her nothing for procuring the sale.

On September 1, 1920, Mrs. Bogle instituted a suit in a district court of Travis county against Landa, Gruene, and Marbach, as well as the Austin Chamber of Commerce, to recover 5 per cent. commission on the sale price procured by her for the owners of the land. The defendants were all served with citation except Gruene, whose absence and subsequent death in another state prevented such service.

The Austin Chamber of Commerce duly answered to the merits, but on October 5, 1920, Landa and Marbach filed timely pleas of privilege to be sued in their home county, Comal. These pleas were not controverted by the plaintiff within the five days fixed therefor by statute, or at any time thereafter, in consequence of which the defendants became entitled to a change of venue as a matter of law, so that the trial court had no further jurisdiction over the defendants, except to order the case as against them transferred to Comal county. No such order was entered, however,

On April 4, 1921, the death of defendant Gruene was suggested of record, and the case continued to make new parties, but this was never done.

On January 3, 1922, at the instance of the clerk of the court, the plaintiff was ruled for costs, but never responded to the rule, so far as the record shows.

Nothing further was done in the case until October 7, 1930, a period of eight years and ten months, when it was dismissed for want of prosecution, apparently upon the court's own motion.

But a year later, on September 11, 1931, thirteen years after the cause of action arose, eleven years after the suit was commenced and the court had lost jurisdiction over the defendants because of their uncontroverted pleas of privilege, Mrs. Bogle instituted a new suit in said district court of Travis county, in the nature of a bill of review to revive and reinstate the former action. This new action was against Landa, the only surviving original defendant, Bertha Gruene, indi-

vidually and as the executrix of the estate of the original defendant, H. W. Gruene, deceased, and Minna Marbach and three other joint executors of the estate of John Marbach, the third original defendant, who had died in the interim, in 1925.

In the new suit all defendants, including Landa (who had filed a plea of privilege in the original action to be sued in Comal county where he then resided), filed pleas of privilege to be sued in the counties of their respective residences, to wit, Landa and another in Bexar county (to which in the interim Landa had removed from Comal), and the three other defendants (none of whom had ever been made parties to the original suit) in Comal county. These pleas were first overruled by the trial judge, but afterwards were sustained in order, as recited in the judgment, to avoid conflict with a prior provision in the same decree wherein the court sustained the original plea of privilege of Landa to be sued in Comal county. The several defendants also, filed pleas in abatement to the new suit, as well as exceptions thereto, all of which were overruled. Thereupon the court rendered the following further order:

"And * * * it appearing * * * that under the law the order of dismissal for want of prosecution * * * entered in this Court on the 7th day of October, A. D. 1930, in Cause No. 37780, (the original suit) * * * was entered by the Court improvidently and inadvertently and that the Court had no power or authority to enter said order, and that the same is void, and the court being of the opinion that said order is void and should be set aside, it is now ordered, adjudged and decreed by the Court that said order so entered as aforesaid be and the same is now deemed null and void and of no effect and is now cancelled and annulled, and the said cause No. 37780 between the parties aforesaid, is now reinstated upon the docket of this court.

"And it being the opinion of the Court that all matters in controversy and issues involved in this cause and also in said cause No. 37,-780 should now be heard, tried and determined in this cause no 50353, (the new suit), and in order that this might be done in a proper manner and in accordance with the law and that said Cause No. 37780 may also be properly disposed of, it is ordered and decreed in accordance with the prayer of the plaintiff's petition that said two causes, No. 37780 and this cause No. 50353 be and they are now hereby consolidated into one cause to be henceforth tried, determined and disposed of in this one consolidated cause No. 50353, wherein Mrs. D. M. Bogle is plaintiff and Harry Landa, et al. (the other defendants being the defendants mentioned in the first amended original petition herein) are defendants.

"And plaintiff is now granted leave to discontinue her case as to the defendant, Austin Chamber of Commerce, and as to it this cause is now dismissed.

"And proceeding now in this consolidated cause to dispose of all the issues in this one consolidated cause and after hearing the evidence the Court is of the opinion that the original pleas of privilege filed in the original cause No. 37780 are well taken and that they should be and are now sustained in this consolidated cause is now ordered to be transferred to the District Court of Bexar County, Texas, 73rd Judicial District.

"And in this connection that there may be no conflict in the orders, it is decreed that the two orders heretofore entered in this Court, in this cause, on to-wit, October 16, 1931, and on November 4th, 1931, overruling defendants' pleas of privilege be cancelled, annulled and set aside, and that this consolidated cause under its No. 50353 and caption aforesaid be transferred to the said District Court of Bexar County, Texas, 73rd Judicial District. * * *

"It is ordered that plaintiff do have and recover her costs and that the defendants pay the costs in this new cause No. 50353, but that the plaintiff pay the costs in said original Cause No. 37780, including Transcript for all of which judgment for costs execution may issue against the parties respectively."

In her petition in the bill of review Mrs. Bogle undertook to excuse herself for not prosecuting the original suit. As one reason for her dereliction she complained that the defendants Landa and Marbach had not followed up their pleas of privilege and procured the transfer and trial of the cause in the district court of Comal county, whereas, as a matter of course, that whole burden rested upon her as the plaintiff and not upon the defendants.

As another reason, Mrs. Bogle complained that the heirs and representatives of the original defendants Gruene and Marbach failed and refused to voluntarily come in and have themselves substituted as defendants in lieu of their deceased ancestors, so that Mrs. Bogle could take judgment against them upon what they knew, she alleges, was certain and incontestible liability; whereas, as a matter of course, the whole burden of impleading and bringing those parties into court rested upon Mrs. Bogle herself, and those parties were under no legal duty in the premises.

The third and remaining reason offered by Mrs. Bogle for permitting her case to lie inert on the docket for ten years, and then to be dismissed and lie off the docket for another year, was, generally, that there had been "some negotiations" between some of the parties, not named, looking towards a settlement of the controversy.

These several reasons, none of them, af-

forded any legal excuse for the plaintiff's failure to prosecute the original action, or to timely move to restore it to the docket after dismissal. For to entitle a party to set aside a judgment rendered at a former term it is not enough that he show that irregularities were committed in the disposition of the case, in the face of a meritorious cause of action. He must show that something more than injustice had been done him. He must show that he was prevented from prosecuting his cause of action by "fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence of his own." Wood v. Lenox, 5 Tex. Civ. App. 318, 23 S. W. 812, 813, and authorities there cited. Mrs. Bogle did not even begin to make such showing in her pleadings in this case. Her allegations, rather, affirmatively negatived such showing, for she says, in effect, in short, and vaguely, that, while there were suggestions of negotiations, and possibly inferentially actual negotiations looking toward settlement, she was nevertheless waiting for and looking to the defendants to follow up their pleas of privilege and get the case transferred and tried in another court, albeit 'such burden rested solely upon the plaintiff herself; that she was nevertheless also waiting for and looking to the heirs and representatives of deceased defendants to come on into court of their own volition, knowing (appellee alleges) that they were liable in the case, albeit the burden of impleading those parties rested solely upon the plaintiff herself.

The devious course over which the litigation has teetered to its present precarious status is difficult to follow or excuse. Its confusion is aggravated by more than 100 pages of pleadings which incumber the record, and is confounded no less by more than 200 pages of briefs in which are presented twenty-four assignments of error, twenty-five propositions, and nineteen counter propositions of law.

Both parties assail the regularity and sufficiency of each other's pleadings, procedure, and presentation. Appellee particularly urges the failure of appellants to protect their record and make their objections and save their exceptions as the case dodged along its awkward course. But appellants have insistently and consistently, albeit loosely, protested the attitude and rulings of the two courts below, the first in reviving the suit, and the second in rendering judgment therein. And appellants, with equal vigor, assail appellee's pleading and practice, which perhaps would not survive strict application of the rules, but which must be forgiven in view of the leniency of the trial courts' rulings thereon.

The plaintiff below has never controverted the plea of privilege filed in the district court of Travis county in the original suit thirteen years ago, and makes no contention here that that plea was not then, or is not now, well taken. And in the present suit that court affirmatively sustained the pleas of privilege and ordered the case transferred to Bexar county. We think the appeal may be justly disposed of by the conclusions now to be stated:

■ When a plea of privilege is uncontroverted, or is otherwise sustained, the court thereby loses jurisdiction of the person of the defendant, the question of venue becomes res adjudicata, and the controversy set up against the defendant in the suit may not be pursued or renewed against him, except in the county of his residence. Watson Co. v. Grain Co. (Tex. Com. App.) 292 S. W. 174; Dallas Joint-Stock Land Bank v. Webb (Tex. Civ. App.) 48 S.W.(2d) 434.

■ But, until the ruling sustaining the plea of privilege is announced or the order thereon is entered, the court retains jurisdiction over the case, at least for the purpose of dismissing the suit upon motion of the plaintiff. Atlantic Oil Co. v. Jackson, 116 Tex. 570, 296 S. W. 283; Rice v. Raleigh Co. (Tex. Civ. App.) 48 S.W.(2d) 648; Texas-Louisiana Power Co. v. Wells (Tex. Com. App.) 48 S.W. (2d) 978.

And, since the court has power to dismiss the suit at the instance of the plaintiff, as clearly held by the above authorities, then surely by the same token the court had the power to dismiss the suit upon its own motion, in case of plaintiff's failure or refusal to respond to a rule for costs, or for want of prosecution, as in this case, or where by any other course of conduct the plaintiff has manifestly abandoned his suit.

■ The district court of Travis county, therefore, had jurisdiction to dismiss the suit for want of prosecution or for failure of the plaintiff to respond to the rule for costs, and certainly such dismissal was well within the trial judge's discretion when plaintiff had not secured a transfer of the case to Comal county, but had allowed it to lie inactive on the docket for more than ten years. The order of dismissal should be upheld, unless a very clear showing be made under the rule stated, requiring that it be set aside. It was not null or void ab initio, but was valid, and the district court of Travis county, even assuming it had jurisdiction, erred in setting it aside and reinstating the case upon that ground.

The district court of Travis county, having sustained the plea of privilege filed by the defendants in the second suit, had no power to enter any orders therein except to transfer the same to Comal or Bexar county as prayed for in the sustained pleas.

■ This is so particularly in view of the well-established rule that in cases of bills of review there can be but one trial and one final judgment. The court cannot dispose of a bill

of review by piecemeal, that is, by having two trials, one to determine whether or not the former judgment shall be set aside, and the other to retry the original suit after the judgment in it has been set aside. Both matters are inextricably connected for the purpose of trial and judgment. Roller v. Wooldridge, 46 Tex. 485; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963.

■ Therefore the orders of the court reinstating the original suit and consolidating the same with the new, and ordering the consolidated suit tried upon the merits of the original action, constituted fundamental error, of which, even though loosely assigned, this court must take notice.

Under their sustained pleas of privilege the defendants were entitled to have all phases of their controversy, including the question of setting aside the judgment of dismissal, tried in the forum of their domicile, to which end the judgment is reversed and the cause remanded for all purposes. All costs which accrued in the district court of Travis county, as well as of this appeal, will be taxed against appellee.

### On Motion for Rehearing.

■■ Appellee has filed an earnest and vigorous motion for rehearing, in which her able counsel concentrates upon the proposition, founded upon the ancient general rule, that bills of review or revivor—suits to set aside judgments—must be instituted in the court in which the judgment brought into question was rendered.

There is no question of the existence of such rule or of its inviolability. Nor is there any question of the propriety of bringing this suit, if maintainable anywhere, in the Fifty-Third district court of Travis county, in which the judgment of dismissal complained of was rendered.

But when this suit was commenced in that court the rule in question was satisfied: The suit was lodged in the court having jurisdiction of the subject-matter.

Thereupon arose the question of venue, or jurisdiction of the parties defendant, who timely and properly invoked their privilege to be sued in Bexar county. The court resolved that issue in favor of the defendants, and ordered the venue changed to Bexar county, and was thereby deprived of the power to adjudicate the merits of the case presented in the plaintiff's petition. That case encompassed, first, the right of defendant to revive her long-neglected lawsuit; and, second, her right to recover upon the merits of the revived action. Both causes were inextricably joined into one inseparable action, to be adjudicated, not by piecemeal, but at one trial in one final judgment. 25 Tex. Jur. pp. 585, 646, 671, §§ 185, 229, 245; Roller v. Wooldridge, 46 Tex. 485; Humphrey v. Harrell (Tex. Com. App.) 29 S.W.(2d) 963.

The result is that, when the district court of Travis county granted appellants' pleas of privilege and changed the venue to Bexar county, it lost all further jurisdiction in the case, which passed in its entirety to the district court of Bexar county, as held in the original disposition.

To hold otherwise would be to say that, after the question of venue has been adjudicated against him in one jurisdiction, a plaintiff may nullify that adjudication and defeat his adversary's established privilege by the simple trick of abandoning and dismissing his suit and thereafter reviving and prosecuting it in the prohibited jurisdiction.

The courts will not sanction such a fraud upon our venue statutes.

Appellee's motion for rehearing will be overruled.

FLY, Chief Justice.

On September 1, 1920, the plaintiff in the lower court, Mrs. D. M. Bogle, instituted this suit in the district court of Travis county, for a debt which was undoubtedly due her, against parties some of whom did not reside in Travis county. Certain parties from Comal county filed a plea of privilege to be sued in that county, following all the directions of the statutes in making such plea.

That plea of privilege was filed in the district court of Travis county, and no controverting affidavit was ever filed in that court in answer to that plea. Under the statutes, after a certain period had elapsed, it became obligatory upon the court in which the case was pending to transfer it to Comal county.

Subsequent to the time of the plea of privilege, that is, in January, 1922, a rule for costs was entered by the district clerk, which was approved by the district judge. The female plaintiff paid no attention to the rule for costs and order of the district judge requiring her to give security for costs, and the matter went along in that way.

Ten years after the suit was instituted and the plea of privilege was filed, the court entered an order dismissing the suit for want of prosecution; and it has been suggested in discussions as to the manner of disposition of this case that possibly he dismissed it because the plaintiff failed to file a bond for costs.

Under the terms of the statute and under the plain terms of John E. Quarles Co. v. Lee et al., 58 S.W.(2d) 77, an opinion rendered by the Commission of Appeals and approved by the Supreme Court, after the plea of privilege was filed and no controverting affidavit was filed, there was but one order that the district judge had any right or authority to give, and that was a transfer of the case to the proper county. The plaintiff disregarded the order of the court, and so did the court disregard the plain mandate of the statute of the

state, and instead of transferring the case dismissed it.

This case, if it did not carry such serious results to some of the parties, has some of the features of a comic opera, because, after disregarding the statute, after dismissing the suit, and at another term of the court, the plaintiff in the case appears and moves that the order dismissing the case be set aside, and this was done by the complacent judge. Then Harry Landa and another defendant in the suit filed their pleas of privilege to be sued in Bexar county, to which Landa had removed from Comal county pending the time that expired from the filing of the first plea of privilege to the motion for new trial, at a subsequent term of the court. Other defendants, residents of Comal county, filed pleas of privilege to be sued in that county. The pleas of Landa and his associate were sustained, and the case was transferred to Bexar county. The judgment in this case from which this appeal has been taken was rendered in one of the district courts of Bexar county.

Out of all this inextricable confusion the decision has been reached by a majority of the court that this court has jurisdiction, and that the judgment should be reversed and the cause remanded to the district court of Bexar county.

While the plea of privilege first filed, and which under the law became effective, was lying in the court in Travis county, two of the parties, who possibly had been so disheartened at the law's delays as to desire to "shuffle off this mortal coil," passed over the river to their final account.

No scire facias was issued to make their heirs or descendants parties to the case, but they were made parties to the case upon suggestion to the court of the death of the ancestors.

Reiterating the plain, clear language by the Commission of Appeals, the writer is of the opinion that everything done by the district court of Travis county after the plea of privilege first filed became effective under the law was null and void and had no effect whatever. All of the proceedings at a subsequent term constituted a mere burlesque upon proper proceedings in court, and the transfer of the case to Bexar county was of no force or effect.

It seems that the only basis for the majority opinion in this case is the assumption that the filing of the bill of review created a new and independent action and destroyed all errors and mistakes that might have been made by the court before he dismissed the suit.

The bill of review was filed for the purpose of obtaining the setting aside of a judgment of dismissal made by the district judge in the original suit, and, of course, no new cause of action was or could be plead. The plaintiff in this suit sought to recover on an account for services rendered by her to certain parties in the sale of land; she could recover only on that cause of action, no matter how many bills of review she might afterwards bring before the court.

The very word "review" carries with it the idea of looking over something that has been looked over before. It is another view of the same case, and whatever was done before that time, causing a material error, survived and would be brought over into the action that might be carried on under the pleadings for the bill of review. The same proof would be required in another trial in order to recover, as would have been required in the original suit. In fact, it is only the original suit reviewed and brought to life.

Decisions are cited to the effect that a bill of review creates a new cause of action. Of course, that is not accurately expressed, because it does not create a new cause of action.

It is true the pleadings must be different from those in the original suit, because there must be facts set up showing that the plaintiff was not negligent in the matter of protecting herself from a dismissal of the suit and that she had used due diligence in filing the bill of review. The additional burden upon her is not in regard to the merits of her original claim, but in regard to her action in connection with the dismissal of the suit by the trial judge.

This seems so plain that it would appear that it is wholly unnecessary to refer to it. If a new suit was created in this instance, it was only done because new burdens were placed upon the plaintiff in order to have her cause reinstated on the docket, because there is no burden on her to prove up the claim for which she originally sued.

I do not think that the dismissal of the suit and the filing of the bill of review, years afterward, cured all the errors made by the judge in the original suit and destroyed the rights obtained by the defendants in that original suit. If the court was wrong in holding jurisdiction over the suit after the plea of privilege had been filed and had not been controverted, then the original suit is the only one to consider, and no subsequent action in regard to the suit by the plaintiff can sweep away a radical error committed by the trial judge.

If the defendants in the suit at that time had the right, as secured by statute, to have their case transferred to Comal county, nothing has transpired since that could possibly deprive them of that right. Under the plain terms of the statute in regard to pleas of privilege, when the plaintiff in the suit failed to controvert the plea of privilege of the defendant, the case was disposed of finally, and no plaintiff would have the right to come in and file what is denominated a new suit and

destroy all rights of the defendants to have the case filed in the county of their domicile.

I conclude that the Bexar county district court had no jurisdiction of the cause, and that there is but one disposition that should be made by this court of this cause, and that is, it should be dismissed for want of jurisdiction in the district court and in this court.

If the cause has any standing in any court, it is in the district court of Comal county. If any action can be taken by any court that has had contact with this cause to place it in Comal county, there it should be placed.

For the reasons given, I cannot concur in the decision made by a majority of this court.