

Ingrum & Morris, of San Antonio, for appellant.

Cunningham & Cunningham, McCloskey & Wasoff, and Thomas G. King, all of San Antonio, for appellees.

MURRAY, Justice.

John Thomson, one of the appellees herein, instituted cause No. 22008 in the county court at law No. 2, of Bexar county, on February 20, 1931, against Grover C. Cain, appellant herein. This suit remained on the docket until October 25, 1933, when judgment was rendered in favor of John Thomson by default. Just prior to the rendition of this default judgment, this cause had been set for dismissal for want of prosecution, when the attorney for Thomson appeared and secured a special setting of the cause. Under the rules of the trial court it was the duty of counsel for Thomson to notify opposing counsel of this special setting. This was not done and, although counsel for Thomson went to the office of counsel for Cain and secured from him the papers in the case, no mention was made of the special setting of the cause, but Cain's counsel was informed that the reason the papers were wanted was for the purpose of preparing an amended petition. The next day Thomson's counsel appeared and secured a default judgment. It might be well to here state that the attorneys who now represent Thomson did not represent him at the time the default judgment was secured.

### CAIN v. THOMSON et al.
### No. 9496.

Court of Civil Appeals of Texas.
San Antonio.

May 16, 1934.

Rehearing Denied June 6, 1934.

When Cain learned of the default judgment, he instituted the present suit in the nature of a "Bill of Review" to set aside this default judgment. The above facts are treated by us as being the true facts as they are alleged in appellant's petition and a general demurrer was sustained by the trial judge to this petition, and, in reviewing this action of

340

the trial judge, all allegations of the petition are taken as being absolutely true.

It is clear from the record that the trial judge was of the opinion that the petition alleged sufficient facts to show that appellant had not been guilty of negligence in failing to be present at the trial, but had promptly and with due diligence instituted this suit when he discovered the alleged fraud which had been perpetrated upon him. The general demurrer was sustained by the trial judge upon the theory that the "Bill of Review" did not sufficiently allege a meritorious defense in that the only defense alleged to the original cause of action was that of limitation.

There are some early decisions which seem to hold that a plea of limitation is not a meritorious defense and will not justify the granting of a bill of review to set aside a default judgment. Foster v. Martin, 20 Tex. 119; Dowell v. Winters, 20 Tex. 794. If this was ever the law in Texas, a different rule is now definitely established. In Fred v. Fred, 58 Tex. Civ. App. 574, 126 S. W. 900, it is held, in effect, that a plea of limitation was a meritorious defense and the Supreme Court dismissed an application for writ of error. The case of Fred v. Fred has been cited by the Supreme Court many times with approval, thus approving the rule there stated.

There are many authorities holding that a plea of limitation is a meritorious defense. 34 Corpus Juris, p. 336; 15 R. C. L., § 170, pp. 718 and 719; 17 R. C. L., pp. 668, 669; Dupree v. Mansur, 214 U. S. 161, 29 S. Ct. 548, 53 L. Ed. 950; U. S. of America v. Oregon Lumber Co., 260 U. S. 290, 43 S. Ct. 100, 67 L. Ed. 261.

The Supreme Court of North Dakota, in Wheeler v. Castor, 11 N. D. 347, 92 N. W. 381, 384, 61 L. R. A. 746, said:

"The more recent, and, we think, the better, cases, have abrogated the rule. The modern judicial view is that the statute of limitations is one of repose, and that as a defense the statute is now classed as meritorious, and as much so as any other valid defenses."

In sustaining a general demurrer to appellant's petition the trial judge committed error, requiring a reversal of the judgment and a remanding of this cause on its merits.

Appellant, in his prayer, asks "that the judgment heretofore rendered in said cause Number 22,008 be set aside and held for naught, and that said cause Number 22,008 be returned to the docket of this court for trial," etc. Such action cannot be had upon a bill of review such as is here presented. In a suit of this nature both the question of diligence and the meritorious defense must be heard at one and the same time, and in the event the trial court finds in the plaintiff's favor, the former judgment is set aside and such judgment rendered as should have been rendered originally. This is the distinction between a motion for a new trial and a bill of review. Landa v. Bogle (Tex. Civ. App.) 62 S.W.(2d) 579.

The judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellees, in their motion for a rehearing, insist that this court is in error in reversing and remanding this cause, as one of the appellees, Citizens' Industrial Bank, is an innocent purchaser of the judgment herein.

The trial court sustained a general demurrer to appellant's petition, and facts alleged in appellees' answer cannot be made use of in determining the correctness of a ruling on a general demurrer. Appellant's petition does not show on its face that the appellee bank is an innocent purchaser for value of this judgment. The fact that the bank may be able to establish that it is an innocent purchaser of this judgment could not justify the sustaining of a general demurrer to appellant's petition.

Appellees' motion for a rehearing will be overruled.