## In re DEEP ROCK OIL CORPORATION.
### No. 2318.

District Court, N. D. Oklahoma.
Nov. 12, 1936.

Lawrence Mills and Carter Smith, both of Tulsa, Okl., for Riddle Drilling Co.

W. F. Semple, of Tulsa, Okl., for Deep Rock Oil Corporation and H. N. Greis, trustee.

FRANKLIN E. KENNAMER, District Judge.

On June 19, 1934, the Deep Rock Oil Corporation filed its debtor petition, under section 77B of the Bankruptcy Act (11 U. S.C.A. § 207), and the petition was approved, and H. N. Greis appointed trustee.

The Riddle Drilling Company filed a claim with the court for $2,927.94, alleged to have been sustained by the claimant because of the negligence of the debtor in drilling an oil and gas well, in that it permitted gaseous forces to be collected and impounded, causing an eruption resulting in a fire which destroyed the claimant's property located near the debtor's well. The master reports: "There is little or no dispute of the facts out of which this claim arises. The fire complained of occurred on December 19, 1930. On the night of the fire gas pressure in the well of the debtor drove some 1500 feet of drilled pipe out of the well and through the top of the derrick and by friction the gas was ignited and a tremendous fire ensued, flames going as high as 100 feet, and it became necessary to shoot out this fire in order to get the well under control. It was this fire which damaged the complainant's property."

Finding No. 4 of the master finds that the debtor was "not" guilty of any fault or negligence which resulted in the fire, and in No. 5 he finds that the Riddle Drilling Company failed to institute any suit or any other legal proceedings for the purpose of recovering its damages until after the lapse of more than two years from the time the damage occurred, and the master held as a conclusion of law that the debtor would be liable to the complainant for its damage although the debtor was guilty of no negligence but for the fact that the claim was barred by the two years statute of limitation.

It would appear the more reasonable rule is that one must use his own property so as not to injure that of another. 9 Coke, 59; Green v. General Pet. Corp., 205 Cal. 328, 270 P. 952, 60 A.L.R. 475; Sussex Land & Live Stock Co. v. Midwest Ref. Co. (C.C.A.) 294 F. 597.

Counsel for the claimant insist that the master erred in concluding that the claim was barred by the statute of limitation. It is contended that under section 77B of the Bankruptcy Act, the court sits as a court of equity, citing McDonough v. Owl Drug Co. (C.C.A.) 75 F.(2d) 45, and In re Surf Bldg. Corporation (D.C.) 11 F. Supp. 295.

It is contended by counsel for the debtor and trustee that a proceeding under section 77B is a proceeding in bankruptcy made so by statute. See U.S.Code Annotated, title 11, § 207, subds. (k, o).

While I deem it unnecessary to determine whether a proceeding under section 77B is strictly a bankruptcy proceeding where the debtor's petition seeks only to reorganize the corporation, it is clear the jurisdiction exercised by the court in such proceedings is conferred upon it sitting in bankruptcy. Furthermore, if the contention of counsel for the claimant be conceded, that is, that the court is only exercising equitable jurisdiction for the purpose of reorganizing the debtor corporation, it would be the duty of the court in passing upon the claims filed against such debtor corporation upon purely legal demands to apply the statute of limitation of the state in which such claim arose, unless the debtor corporation by its conduct in equity and good conscience should be estopped from asserting the plea of the statute of limitation.

· In the case of Dupree v. Mansur, 214 U.S. 161, 29 S.Ct. 548, 53 L.Ed. 950, the first paragraph of the syllabus reads: "Where it is established law of a State, as it is of Texas, that when a debt is barred by limitations an action to foreclose a lien or mortgage given as security for it is barred also, the law must be enforced in the courts of the United States, whether sitting in law or in equity."

In this case, the same contention was urged as contended by counsel for the claimant in the instant case. Mr. Justice Holmes delivered the opinion of the court and said: "We will not consider in how many points we disagree with this argument, but will confine ourselves to what we deem a sufficient answer. * * * The notes are barred, as well in equity as at law. By the law of Texas the security is incident to the note, and does not warrant a foreclosure when the note does not warrant a judgment. This is not a matter of procedure or jurisdiction, but of substantive rights concerning land. It seems to us that it should be governed by the decisions of the state where the land lies. See Slide & Spur Gold Mines v. Seymour, 153 U.S. 509, 516, 14 S.Ct. 842, 38 L.Ed. 802, 805."

The authorities, Kirby v. Lake Shore & Michigan Southern Railway Co., 120 U.S. 130, 7 S.Ct. 430, 30 L.Ed. 569; Benedict v. City of New York, 250 U.S. 321, 39 S.Ct. 476, 63 L.Ed. 1005; Pond Creek Coal Co. v. Hatfield, 239 F. 622 (C.C.A.6); Schindler v. Spackman, 16 F.(2d) 45 (C.C.A.8), cited by the claimant, support the rule that the equity jurisdiction of the courts of the United States is the same as that exercised by the High Court of Chancery in England, and is not subject to any limitation or restraint of state legislation, but is uniform throughout the different states of the union. These authorities do not conflict with the rule announced in Dupree v. Mansur, supra, that: "The law must be enforced in the courts of the United States, whether sitting in law or in equity." The court further concluded in this case that the state statutes of limitation should be applied to the notes involved in the action unless extraordinary circumstances existed that would move the court to refuse to apply the statute of limitation.

The master in the instant case by his findings concluded no such circumstances existed and the evidence amply supports the court's findings. The findings and conclusions of the master are approved, and the claim denied.