## Mussina v. Moore.

Where suit was instituted and judgment obtained against a defendant as a non-resident, and within two years after said judgment the defendant filed his peti-tion for a rehearing and alleged " that he was at the time of the institution of " the suit against him, and had been for many years before, a citizen of the State " and a resident of the county of Cameron ; that he had no notice of the pend-" ency of the suit, nor of the proceedings against him ; that they were *ex parte*, " and he had a good defence against the action or suit, and could have made " such defence if he had had notice of the suit ;" and prayed that the judgment might be opened and that he might have an opportunity to make his defence ; and the defendant in the petition demurred, and the Court sustained the demur-rer ; *Held*, that it was error. (Hart. Dig. Art. 783.)

Appeal from Fayette. Original suit brought by the appel-lee at the Spring Term, 1849, of the District Court of Fayette county. Judgment rendered at Fall Term, 1849. Petition of review filed by appellant, July 16th, 1851.

*Fred. Tate*, for appellant.

*Webb & Harcourt*, for appellee.

Lipscomb, J. In this case, it is alleged in the appellant's petition, that appellee had instituted a suit against petitioner and obtained judgment on which an execution had been sued out and petitioner's land sold ; that petitioner was sued as a non-resident debtor. It alleges that petitioner was, at the time of the institution of the suit against him, and had been for many years before, a citizen of the State and a resident of Cameron county ; that petitioner had no notice of the pen-dency of the suit, nor of the proceedings against him ; that they were *ex parte*, and that he had a good defence against the action or suit, and could have made such defence if he had had notice of the suit ; and, among a great many other mat-

ters, prays that the judgment may be opened, and that he may have an opportunity to make his defence.

The defendant demurred; and his demurrer was sustained by the Court below.

The suit is designated as a bill of review, and it is presumed that it was regarded by the Court below as a bill of review, according to its strict meaning in Chancery practice.

The provision of the statute (Hart. Dig. Art. 783) is, that " when a judgment has been rendered in any suit, on notice, " or service by publication only, and on *ex parte* hearing, the " party defendant may, at any time within two years from the " rendition of such judgment, file his petition of review for the " reversal thereof, in the Court rendering the judgment," &c. A strict literal construction of the statute would limit the remedy to cases or suits governed by the principles of equity, and would deprive by far the greater number of defendants brought into Court by publication of notice, of the benefit of its provisions. We therefore believe that the term used in the statute should be construed in the more enlarged sense of a rehearing, or new trial; and that if the petition discloses sufficient grounds for a new trial, that it entitles the party to the relief sought, on establishing the truth of the facts alleged. The grounds disclosed in the original petition in this case, are, that the petitioner was a citizen of the State for a long time, and at the time of the *ex parte* proceedings against him, had been for some years a resident of Cameron county; that he had no notice of the proceedings or pendency of the suit; and that he had a good defence against the suit. These facts, if true, we believe entitled the petitioner to a rehearing, and the demurrer admits their truth.

If, however, we had no statute, the facts alleged in the petition would have been sufficient to have sustained an application for a new trial, on principles of equity jurisprudence. In the case of Gross v. McClaran (8 Tex. R. 341) the following language is used by this Court: " It cannot be doubted " that where the Chancery jurisdiction and Common Law are

" kept distinct and administered in different tribunals, that it " appertained to the Chancery jurisdiction, on a sufficient case " being presented, to grant a new trial of the facts of the case " after a trial at Common Law; and such new trial of the facts " was tried in the Common Law Court, on issues sent to that " Court from the Chancery Court." See, also, Jones v. Stewart, 9 Tex. R. 469.

We do not regard it as at all material, what the remedy sought may be called by the party, if he shows sufficient grounds for relief, whether by statute, the principles of the Common Law, or Chancery; if entitled to the relief at all on any one of these grounds, it will not be withheld from him. We believe that the petition discloses good grounds for a new trial, and that the Court below erred in sustaining the demurrer. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.