J. F. HUNSINGER v. EWING BOYD, DISTRICT JUDGE, ET AL.

*Motion No. 8897. Decided April 9, 1930.*
(26 S. W., 2d Series, 905.)

*Cole, Cole, Patterson & Kemper* and *Barnes & Barnes*, for relator.

This suit was filed and citation issued and was served as is required by law, and the Court, after hearing the evidence at the trial of this case, entered a judgment for the plaintiff. That no Motion for a New Trial was filed until twenty-one (21) days after the judgment was entered; then said motion was not presented to the trial Court until more than thirty (30) days after said motion was filed. The Motion for a New Trial then presented states no facts, in view of the record herein, which could be a basis for a new trial, even if the motion has been filed within time, and even if said motion had been presented within time. Authorities: R. S. 1925, Article 1735; Article 2092, Sections 28 and 30; Articles 2095, 2217; Aetna v. Jackson, 187 S. W., 971; Arberry v. Beavers, 6 Texas, 457; Auditorial Board v. Arles, 15 Texas, 72; Bledsoe v. Ry. Co., 40 Texas, 537; Guilford v. Love, 49 Texas, 744; Gill v. Rodgers, 37 Texas, 628; Harrisburg v. Wiggins, 282 S. W., 283; Johnson v. Campbell, 39 Texas, 83; Kleiber v. McManus, 66 Texas, 49; Phil H. Pierce Co. v. Watkins, 263 S. W., 905; Rains v. Simpson, 50 Texas, 495; Railway Co. v. Locke, 53 Texas, 623; Railway Co. v. Randolph, 24 Texas, 317; Ratchford v. Automobile Underwriters, 299 S. W., 852; Rouff v. Boyd, 16 S. W., (2d) 405; Seale v. Goodrich, 87 Texas, 401; Townes v. Lattimore, 272 S. W., 435; Wells v. Littlefield, 62 Texas, 28.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

The relator, J. F. Hunsinger, has filed a motion for leave to file a petition for the issuance of a writ of mandamus against Hon.

Ewing Boyd, Judge of the 55th Judicial District, in which others interested are also made parties. The question to be decided is whether or not we should permit the petition to be filed. We have concluded that no ground for the issuance of the writ has been stated, and leave should be denied. The petition and accompanying exhibits disclose the facts, which we will briefly state:

On March 4, 1929, the relator filed suit against respondents T. E. Bartlett and wife in the District Court of Harris County, 55th District. In this suit recovery was sought for $1381.00, exclusive of interest, attorney's fees, etc., for moneys alleged to have been advanced. The respondents, defendants in that suit, were cited by publication, because they were nonresidents. E. W. Turner was appointed by the court as attorney to represent them. On April 27, 1929, he filed an answer for the defendants, and on the trial of the case, May 8, 1929, he represented them solely by reason of his appointment by the court.

A writ of garnishment was issued, but we find it unnecessary to particularly discuss that proceeding. The court heard the evidence and gave the relator, as plaintiff in that suit, a judgment for $1661.76, and also entered a judgment against the garnishee for that amount.

On May 29, 1929, the respondents, T. E. Bartlett and his wife, Lillian G. Bartlett, through attorneys of their own selection, filed in the cause a motion "to set aside the judgment rendered herein against them on May 8, 1929, and grant them a new trial," for reasons set up in the motion. The trial court heard the motion, and granted the new trial on June 29, 1929. On the same date he also set aside the judgment rendered against the garnishee.

The purpose of the petition for mandamus is to cause this court to issue an original writ requiring the district judge to vacate his order granting the new trial referred to, and give effect to the judgment previously entered in the cause against the respondents we have heretofore named.

The 55th District Court is subject to the special rules of practice and procedure prescribed by Articles 2092 and 2093 of the Revised Statutes. Subdivision 28 of Article 2092 in part provides that, "all motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion is filed, and shall be determined within not exceeding 45 days after the original or amended motion is filed, unless by written agreement of the parties filed in the case the decision of the motion is postponed to a later date."

Subdivision 29 of this Article reads as follows:

"29. Time to file motion for new trial.—A motion for new trial where required shall be filed within ten days after the judgment is rendered or other order complained of is entered, and may be amended by leave of the court at any time before it is acted on within twenty days after it is filed."

The insistence here is that these subdivisions apply to the instant case. We do not think the statutes quoted have any application where suit is by publication and where the only appearance is made by an attorney ad litem under the publication statutes. The only subdivision of Article 2092 which refers to suits by publication by name is Subdivision 6, which provides in substance only that if citation is served by publication it shall be returned 42 days after the date of issue, and shall command the defendant to appear at or before ten o'clock A. M. of the Monday next following the expiration of 42 days after the citation was issued, and shall specify the day of the week, the day of the month, and the time of day the defendant is required to appear and answer. The section contains the further provision that the citation shall be served "by being published in the manner and for the length of time required by law for citations by publication in the same kind of cases or matters in other district courts at the time the publication is made, and the first publication shall be at least 28 days before the return day of the service."

Article 2093, which was a part of the original Act from which Article 2092 was taken, in part provides:

"In all trials and proceedings not provided for herein the general rules of practice and procedure provided for in other district courts shall be the rules of practice and procedure in the civil district courts of the class included herein."

From these provisions it is obvious that the questions before us involve the construction of the general language used in Subdivisions 28 and 29 of Article 2092, read in the light of the whole Act. In determining the meaning we must also consider the status of the Act in relation to our general procedural statutes, since all relate to the same subject.

Articles 2092 and 2093 do not undertake to prescribe an entirely new procedural code for the courts to which they apply, but their purpose is rather to engraft provisos or exceptions onto the general statutes. The subdivisions of Article 2092 should therefore be strictly construed in their application. 25 Ruling Case Law, p. 985, Sec. 232. We therefore will give effect to the provisions of Article 2092, which relate to a limited number of courts only, where

it is clear that the Legislature intended that these special provisions should supersede the general statutes in the district courts to which they have been made applicable.

Our statutes, since the original Act of 1846, have contained different provisions with reference to motions for new trial in cases of personal citation or those tried upon personal appearance of the defendants, and those in which citation has been by publication and appearance only by an attorney appointed by the court to represent the absent defendant or defendants. We think it clear that when the special practice and procedure Act was passed, which applies to the 55th District Court of Harris County, the purpose of the Legislature was to still preserve the distinction which had been made under the laws of this State for nearly eighty years.

It is obvious that except in certain particulars stated in Subdivision 6 of Article 2092 the provisions of Chapter 3, relating to citation by publication, apply to suits in the 55th District Court, just as many other provisions of the statute apply to suits generally. It is also clear that Article 2158 must apply to and govern suits by publication in the 55th District Court upon the trial of a case. It is obvious that the general statutes relating to judgments must be held to apply. It is equally plain that the terms of Article 2232, relating to motions for new trial generally, do not apply to courts to which Article 2092 has application; although it is apparent that Article 2233, relating to the number of new trials which may be granted; Article 2234, which relates to and governs the granting of new trials; and Article 2235, which specifies when new trials may be granted because the recovery is too large or too small, do apply to cases pending in courts subject to Article 2092.

We now come to Article 2236. This Article reads:

"Art. 2236. Bill of review.—In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection:

"1. The court may grant a new trial upon petition of the defendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases.

"2. Execution on such judgment shall not be suspended unless the party applying therefor shall give a good and sufficient bond payable to the plaintiff in the judgment, in double the amount of the judgment or value of the property adjudged, to be approved by

the clerk, and conditioned that the party will prosecute his petition for new trial to effect and will perform such judgment as may be rendered by the court should its decision be against him.

"3. If property has been sold under the judgment and execution before the process was suspended, the defendant shall not recover the property so sold, but shall have judgment against the plaintiff in the judgment for the proceeds of such sale."

The title heading of the Article, as shown above, is "Bill of review." As a matter of fact, however, the motion referred to is not an ordinary bill of review which may be available under certain equitable conditions, but is no more than a motion for a new trial permitted to be filed within the two years after the entry of the original judgment. In the case of Wiseman v. Cottingham, 107 Texas, 68, 71, this Court, speaking through Mr. Justice Phillips, said:

"The proceeding was under article 2026, which provides that in cases where judgment has been rendered on service by publication a defendant not appearing may obtain a new trial for good cause shown upon a sworn application, filed within two years after the rendition of the judgment. It was but a continuation of the original suit, and did not possess the character of an independent action in equity to review the judgment. While the petition was styled, under the statutory term, as a bill of review, it amounted to no more than a motion for new trial, permitted in such cases by virtue of the statute, to be filed and heard after adjournment of the term. Mussina v. Moore, 13 Texas, 7; Miles v. Dana, 13 Texas Civ. App., 240, 36 S. W., 848; Glaze v. Johnson, 27 Texas Civ. App., 116, 65 S. W., 662; Wolf v. Sahm, 55 Texas Civ. App., 564, 120 S. W., 1114; Fred v. Fred, 126 S. W., 900."

In the case of Strickland v. Baugh, 169 S. W., 181, 184 (Court of Civil Appeals, Writ Refused), the Court of Civil Appeals stated the same conclusion with reference to what is now Article 2236. The court said:

"It has now been definitely decided that this article merely extends the time within which a motion for a new trial in the class of cases there referred to may be presented and acted on. Miles v. Dana (Tex. Civ. App.) 36 S. W., 848; Wolf v. Sahm, 55 Texas Civ. App., 564, 120 S. W., 1114, and cases there cited."

From the statute quoted it is clear that in a suit by publication, where the defendant has not appeared in person or by an attorney of his own selection, the court may grant a new trial upon motion

of the defendant showing good cause, supported by affidavit, "filed within two years after such judgment was rendered." In the instant case judgment was rendered on May 8, 1929. Motion for new trial was filed by the defendants, who were cited by publication and who did not at the time of the trial appear by an attorney of their own selection, on May 29, 1929,—well within the two year period provided for in the statute and in less than thirty days after the date of the original judgment entered against them. Since the statute gives defendants cited by publication two years after the rendition of judgment against them to file motion for new trial, it is clear the provisions of Subdivision 28 of the Article, which we have quoted, to the effect that motions for a new trial shall be presented in 30 days after the original motion or amended motion is filed, and must be determined within 45 days after the original motion is filed, etc., have no application, for the reason that they may file it either in term time or in vacation, and at a time when its presentation could not be had within 30 days after the filing of the original motion, or its determination 45 days thereafter.

The last clause in Subdivision 30, Article 2092, clearly shows that the Legislature did not intend that Subdivision 29, limiting the time in which a motion for new trial could be filed to 10 days, should apply to suits by publication. This clause reads as follows:

"After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

The motion for new trial permitted to be filed in cases of suits by publication under Article 2236, within two years from the rendition of judgment, while not a bill of review in all respects, as we have previously stated, is named as such in the statute, and is, like equitable Bills of Review, generally within the terms of that portion of Subdivision 30 just quoted, and shows, we think, beyond doubt, that Article 2236 applies to courts subject to the terms of Article 2092.

We have concluded, therefore, that the trial court had jurisdiction of the motion for new trial filed by the respondents, T. E. Bartlett and Lillian G. Bartlett, and that the motion was in all things sufficient to invoke the jurisdiction of the court. As to whether or not the trial court erroneously granted the motion for rehearing, is a question over which we do not exercise jurisdiction by writ of

mandamus. Whether or not the motion stated a "good cause" was a matter for the discretion and judgment of the trial court, and that discretion and judgment we cannot control nor direct by mandamus. As said by the Court of Civil Appeals in the case of Strickland v. Baugh, supra:

"What constitutes good cause must to some extent be left to the discretion of the trial judge, and is governed largely by the rules which control him in passing upon similar motions filed during the term at which the cause is tried. Perhaps more liberality should be exercised in such instances in order to give the defendant an opportunity to be represented in person or by an attorney of his own selection."

We think the trial court in hearing the motion for new trial and granting same acted within his jurisdiction invoked by the respondents T. E. Bartlett and wife, in a manner provided by the statute, and that the petition for mandamus in the instant case shows no ground for its issuance. The motion for leave to file is accordingly overruled.