GAHAGAN et al. v. TEXAS & P. RY. CO.

No. 14225.

Court of Civil Appeals of Texas.
Dallas.

May 19, 1950.

Rehearing Denied June 16, 1950.

Robert H. Gahagan, Dallas, for appellants.

Robertson, Jackson, Payne, Lancaster & Walker, Dallas, for appellee.

BOND, Chief Justice.

On February 26, 1948, the Texas & Pacific Railway Company instituted suit against the unknown heirs of James M. Patterson and numerous other defendants not necessary to mention, other than H. C. Hoskins & Company and their unknown heirs, in trespass to try title to three acres of land, more or less, of which the land in controversy is a part. The petition was not sworn to, and there is no affidavit made and filed to authorize citation by publication, as required under Rule 113, T.R.C.P. However, service of citation by publication was had, and defendants represented by attorney ad litem appointed by the court. In the petition, material here, the plaintiff alleged the three, five, ten and twenty-five year statutes of limitation, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, and that:

" * * * said named grantors, their unknown heirs, owners, successors, assigns and legal representatives, further claim an adverse estate of interest in and to the lands and tenements hereinabove described which constitutes a cloud upon plaintiff's title, in part by virtue of the following language contained in said deed: 'And, Whereas the consideration money paid to said A. C. Camp was furnished by the aforesaid persons and firms for whose benefit we hold the same, and for the purpose of furnishing Depot Grounds for the Texas and Pacific R. W. Co., and with the agreement and interest that we should hold the same in trust as aforesaid until the said Railway Company should permanently locate and erect thereon a passenger and freight depot and then to convey the said land to said Railway Company to be used by them for Depot Purposes only and the said Texas and Pacific R. W. Co. having located and executed on the said lands a passenger and freight depot in accordance with said agreement. Now, Therefore, in fulfillment and execution of the trust reposed in us and in consideration of the location of Depot thereon, we the said J. L. Leonard and W. H. Prather, trustees aforesaid, hereby convey the lands hereinabove described to the said Texas and Pacific R. W. Co. to be used by it for the purposes of Depot only."

On April 16, 1948 trial was had and judgment entered in favor of the Railway Company against all defendants for fee simple title to the land in suit, and all clouds in title removed. While the suit was one in trespass to try title, its resolute purpose was to decree the deed a conveyance of fee simple title as against a conditional fee or easement. No statement of the evidence on trial, as provided by Texas Rules of Civil Procedure, rule 244, is here presented, if any was filed with the papers of the cause.

On March 5, 1874 J. L. Leonard and W. H. Prather were trustees, holding title to the land under deed from A. C. Camp and wife, for the use and benefit of 30 named persons and firms including H. C. Hoskins & Company, a partnership composed of H. C. Hoskins and Sally A. Fondren. On that date the trustees executed the deed in question to The Texas & Pacific Railway Company, reciting the cestuis que trustent in and to the above land and contributors to the consideration paid to the Camps for the purchase of the property. The deed relates the trust and describes the land by metes and bounds, irregular in shape, containing three acres, more or less; and, material here, reads as in plaintiff's petition above quoted.

On October 10, 1949 H. H. Hoskins and Florence H. Gahagan, a widow, appellants herein and only living heirs of H. C. Hoskins and Sally A. Fondren (both deceased), filed a bill of review in form of motion to set aside the aforesaid judgment entered on citation by publication against H. C. Hoskins & Company and to grant a new trial on the grounds that they were never personally served with citation, knew nothing of the suit until after judgment had been entered, that they have a good and valid defense to the suit and if allowed their day in court believe a different decision would result. The grounds of defense were specifically alleged, in effect, attacking the judgment as granting to the Railway Company a fee simple title perforce of the deed from J. L. Leonard and W. H. Prather, Trustees, for the reason that the deed by express terms only grants to the Railroad Company the use of the land for the purpose of *permanently* maintaining a depot thereon, and for no other purpose; that, the Company having abandoned the premises for the purpose for which the property was conveyed, subsequent to said judgment, the title and all right of possession in the cestuis que trustent became vested in them and, at death, in their heirs.

On November 15, 1949 the aforesaid petition came on to be considered by the court; the movants and the Railway Company appeared (by their attorneys), and the court, after considering the petition, entered an order overruling the bill and denying a new trial; whereupon movants gave notice of appeal. Subsequently on November 17 the movants filed a further petition designated as "Motion for New Trial" to set aside the former order of November 15 overruling their bill of review and refusing to grant a new trial; and on December 13, 1949 filed a second or amended motion—a more extended petition detailing their claims and suing in trespass to try title for the land and possession—perforce of the trustees' deed, supra and the abandonment of the use and purpose of the deed by the plaintiff since the date of the judgment; that the judgment on citation by publication be set aside and they be granted a new trial; and in extenso alleged title to the land in more specific details, assigning error to the action of the trial court in denying their former motion or bill of review. In response to defendants' petition the plaintiff interposed merely a motion to strike because of the court's action in overruling the prior motions, supra; and, in the alternative, challenged the court's jurisdiction under Rule 330(k), Texas Rules of Civil Procedure, hereinafter considered. On December 29, 1949 the court entered an order sustaining plaintiff's motion to strike, expressly overruled defendants' motion filed November 17, denominated "Motion for New Trial," and overruled defendants' motion of date December 13, denominated "Second Motion for New Trial in Trespass to Try Title." To which actions of the court the defendants excepted, gave notice of appeal, and on December 30, 1949 filed appeal bond and on January 13, 1950 filed record for appeal to this Court. These motions and orders of the court were entered prior to the expiration of the two-year period, after which such actions are barred.

At the threshold of this appeal appellee filed motion substantially as was filed in the court below to dismiss this appeal, (1) because of appellants' belated bill of review in form of motion for new trial, dated October 10, 1949, as having been filed 17 months and 15 days after the entry of the judgment of April 16, 1948 sought to be set aside; (2) because the subsequent motions, (a) of November 17 and (b) of December 13, were each filed too late,—inhibited by Rules of Civil Procedure, supra—and (c) the appeal bond filed on December 30, 1949 and the transcript in this court on January 13, 1950, conferred no jurisdiction of this court under applicable Rules of Civil Procedure.

 Rule 329, subd. (a), relating to new trials on judgments following citation by publication, is a derivative of Article 2236, V.A.C.S., without change, other than the caption. The Rule, as does the statute, provides: "In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection: (a) The court may grant a new trial upon petition of the defendant

showing good cause, supported by affidavit, filed within two years after such judgment was rendered. The parties adversely interested in such judgment shall be cited as in other cases." It will be seen that the Rule designates the procedure as a "Motion for New Trial", and the statute as "Bill of Review." The change in designation has no material significance. A "Bill of Review" under the Rule, as a matter of fact, is not an ordinary bill of review, but is no more than a motion for new trial. Hunsinger v. Boyd, 119 Tex. 182, 26 S.W.2d 905. A trial court has jurisdiction to entertain a petition in nature of bill of review, when filed within the two-year period, to vacate a judgment rendered at former term of court on service of process by publication where the defendant has not appeared in person or by attorney, and, on such a petition, to try the case anew. The petition in the case at bar having been filed within two years after the entry of such judgment and entertained by the court as a motion for new trial, if at all sufficient, the court may try the case on the merits at a subsequent time. No distinction exists between an action on such bill of review and motion for new trial as against a previously rendered judgment under process served by publication. A bill of review or motion for new trial implies an independent action, either docketed separately or in the original suit, and is tried out on issues made by the petition, irrespective of how such motions are designated. Such bill of review and motion for new trial have the same purpose; each requires showing of meritorious defense which probably would have resulted in a different judgment and an equitable excuse for the belated appearance. Appellants' petitions were filed within the time provided by law and no exception was made thereto. They detail appellants' claim to the land involved, give excuse for the belated filing of the petition, and allege that on another trial a different judgment probably would result in their favor. The original motion was submitted to the trial court and on hearing, November 15, 1949, the court entered an order denying the relief sought. Then on November 17 the movants filed what they denominated a motion to set aside the order of November 15; and again, on December 13, 1949 filed "second motion for new trial in trespass to try title." All motions, in effect, were to set aside the judgment regardless of designation, and each was tried to the court without a jury. The two subsequent motions, of November 17 and December 13, were such as not required to be filed for appeal. Such motions are only required on trial to a jury. Rule 324. The appellee contends that the order of the trial court of November 15 became final after the expiration of 30 days from that date, to wit: December 15, 1949, Rule 330(j), T.R.C.P.; source: Art. 2092(28) unchanged, R.S.; and the appeal bond having been filed on December 30, 1949, more than 15 days after the rendition of the aforesaid order, was filed too late to confer jurisdiction on this Court, Rule 332, source: Art. 3699, Vernon's Ann.Civ.St.; and that defendants' motion denominated "Second Amended Motion" filed on December 13, 1949 as an amendment to the motion filed on November 17, was filed more than 20 days after the filing of the original motion; thus filed too late to be considered by the trial court, Rule 330(k), source: Art. 2092, V.A.C.S. Therefore, under the alleged applicable Rules, supra, appellee contends that the judgment of the trial court in dismissing appellants' petition and appellee's motion presented to this Court to dismiss the appeal, should be sustained and the appeal dismissed.

■■ The procedural rules, supra, limiting the time for filing original motions and amended motions for new trial, or bills of review, and the filing of appeal bond, may be available under certain equitable conditions, but in proceedings as here, petitions filed within two years after the entry of the original judgment on service of process by publication, the rules urged have no application. In the case of Hunsinger v. Boyd, supra, the judgment there under review was rendered on May 8, 1929. Motion for new trial was filed by the defendants who were cited by publication and who did not appear within the two-year period provided in the statute, Art. 2236, V.A.C.S., now Rule 329, our Supreme Court, opinion by Mr. Chief

Justice Cureton, said: "Since the statute gives defendants cited by publication two years after the rendition of judgment against them to file motion for new trial, it is clear the provisions of subdivision 28 of the article (2292), which we have quoted, to the effect that motions for a new trial shall be presented in 30 days after the original motion or amended motion is filed, and must be determined within 45 days after the original motion is filed, etc., have no application, for the reason that they may file it either in term time or in vacation, and at a time when its presentation could not be had within 30 days after the filing of the original motion, or its determination 45 days thereafter." [119 Tex. 182, 26 S.W.2d 907.] In that opinion Judge Cureton quoted Mr. Justice Phillips in the case of Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281, 282: "The proceeding was under Rev.St.1911, art. 2026, which provides that, in cases where judgment has been rendered on service by publication, a defendant not appearing may obtain a new trial for good cause shown upon a sworn application, filed within two years after the rendition of the judgment. It was but a continuation of the original suit, and did not possess the character of an independent action in equity to review the judgment. While the petition was styled, under the statutory term, as a bill of review, it amounted to no more than a motion for new trial, permitted in such cases by virtue of the statute, to be filed and heard after adjournment of the term. Mussina v. Moore, 13 Tex. 7; Miles v. Dana, 13 Tex. Civ.App. 240, 36 S.W. 848; Glaze v. Johnson, 27 Tex.Civ.App. 116, 65 S.W. 662; Wolf v. Sahm, 55 Tex.Civ.App. 564, 120 S.W. [1114], 1115, 121 S.W. 561; Fred v. Fred, [58 Tex.Civ.App. 574], 126 S.W. 900." So here, the appeal bond having been filed with the Clerk within 30 days after the action of the court overruling appellants' motions, the bond was filed in time for appeal. Rule 356.

■ We have thus concluded that the trial court had jurisdiction of movants' motions and that the motions were in all things sufficient to invoke the jurisdiction of the court, which the trial court did invoke in overruling such motions. And this Court has jurisdiction over the appeal. Appellee's motion to dismiss the appeal is overruled.

As to whether the trial court erroneously interpreted the deed in question in overruling defendants' motion to set aside the judgment, supra, granting to the Texas & Pacific Railway Company a fee simple title to the land therein described, is a matter in many respects of first impression. Appellants' contention, in effect, is that the intent of the parties to the deed, as in wills and contracts generally, is the true guide to be followed in the construction of the deed. The deed in question was executed by trustees holding the described land for the express purpose of "furnishing depot grounds" to the Railway Company (grantee) to *permanently locate thereon* a depot, and "to convey" the land to the grantee "to be used by them for depot purposes only." The power of the trustees to sell was not otherwise stated, hence no presumption by implication prevails that the trustees had any other power than that stated in the deed. The deed carries no habendum clause conveying or warranting title to the grantee. The intent of the beneficiaries, in absence of a trustee indenture, must be determined from the language employed in the deed; and the acceptance by the Railway Company of the deed is an assent to all its terms.

■ Generally, a deed of conveyance does not create a condition subsequent, where no words of condition, reverter, or right of reentry are used. "It has long been the settled law in this state that where a deed contains apt language denoting the grant of an unconditional fee estate in land, other language contained in the instrument which denotes that the land was granted for a particular purpose is not regarded as implying that the grant is conditional." Toole v. Christ Church, Houston, Tex.Civ. App., 141 S.W.2d 720, 722. Hughes v. Gladewater County Line Ind. School Dist., 124 Tex. 190, 76 S.W.2d 471; Texas & P. Ry. Co. v. Martin, 123 Tex. 383, 71 S.W.2d 867. Another rule of law generally ac-

ccpted in this State is that "A trustee has no power to sell trust property unless such power is given him by the trust instrument, or unless all the beneficiaries, being of full contractual capacity, assent to such sale. * * * The courts are inclined to construe trust instruments as not conferring on the trustee a power of sale by implication. In particular, it has been held * * a conveyance in trust with a habendum clause to the designated trustee, his successors or assigns (or other similar words) requires the construction that the settlor intended that the trustee should have the power of sale." 42 Tex.Jur., p. 714, sec. 99. And, further, an acceptance of a writing which purports to be a deed sufficiently indicates an assent to all its terms. Thus applying the meaning of the powers given to the trustees as related in the deed, authorizing such trustees to furnish depot grounds for the Texas & Pacific Railway Company, with the agreement and interest that they should hold same in trust until said Railway Company *permanently located thereon a passenger and freight depot* and then to convey said land to said railway company to be used by it only for depot purposes, it is concluded that the railway company was obligated and it was the intention of the beneficiaries of the trust that the trustees should hold the land with distinct understanding that the railway company would permanently erect a depot thereon and use same for depot purposes in *fulfillment and execution of the trust* reposed in them. However, we are of the opinion that the trustees in the conveying clause passed the fee by the deed containing the recital that " * * * in consideration of the location of depot thereon * * * convey the land," with the contemplated use of the land for depot purposes; in other words, that such conveyance operates as a fee simple title; Texas & Pacific Ry. Co. v. Martin, supra; and the court in its judgment having so determined, the order of December 29, 1949 overruling appellants' motions for new trial or denying the petition for bill of review presents no error, hence the judgment of the court below is affirmed.