**W. A. STEPHENSON, Relator,**

v.

**Honorable Max W. BOYER, District Judge, et al., Respondents.**

**No. 8280.**

Court of Civil Appeals of Texas, Amarillo.

April 3, 1972.

————◆————

Edwards, Smith & Associates, Carson Smith, Amarillo, for relator.

Gibson, Ochsner, Adkins, Harlan & Hankins, Michael Musick, Amarillo, for respondents.

REYNOLDS, Justice.

Upon application, relator W. A. Stephenson was granted leave to file his petition for writ of mandamus naming the Honorable Max W. Boyer, presiding Judge of the 84th Judicial District Court in and for Hutchinson County, as respondent. It appeared from relator's application that respondent Boyer had granted a new trial in cause no. 12,537 on the docket of the 84th Judicial District Court of Hutchinson County because of an apparent conflict in the jury's findings which, as a matter of law, actually did not exist. The motion of Texas Employers' Insurance Association to be made a necessary party respondent was granted. Relator Stephenson seeks an or-

der commanding respondent Boyer to perform the ministerial duty of entering a judgment in his favor against respondent Texas Employers' Insurance Association, hereinafter referred to as T.E.I.A., on the jury verdict returned and accepted by respondent Boyer in said cause. Upon submission and consideration of the matter, we have determined that the petition for writ of mandamus must be denied.

In the absence of a transcript and statement of facts, the application and petition of relator and the answer of the respondents, with the incorporated exhibits, disclose the following data. Relator Stephenson, as plaintiff, filed suit in said cause no. 12,537, seeking to recover from respondent T.E.I.A., as defendant, workmen's compensation benefits for an accidental personal injury. Judge Boyer presided at all proceedings. In a pre-trial request for admissions of fact and in the voir dire examination of the jury panel, defendant admitted that plaintiff suffered an accidental bodily injury in the scope of his employment on or about December 2, 1970. Defendant objected to the court's submission of plaintiff's requested special issue no. 1 inquiring whether plaintiff sustained an accidental personal injury on or about December 2, 1970, "because it submits an uncontroverted issue, defendant having conceded that plaintiff did in fact sustain an injury to his body while in the course of his employment." The objection was overruled, and the issue was submitted. In the jury argument, defendant told the jury that there was no dispute that the plaintiff sustained the accidental injury inquired about in special issue no. 1.

The jury returned a special issue verdict and, material to the point in dispute in this proceeding, the jury found, in response to the numbered special issues, that: (1) plaintiff did *not* sustain an accidental personal injury on or about December 2, 1970; (6) plaintiff sustained partial incapacity as a natural result of said accidental injury, if any; (7) the partial incapacity is permanent, and (8) began on December 3, 1970; (10) the difference between plaintiff's average weekly wages before his injury and his average weekly wage earning capacity during his partial incapacity, if any, is $162.00; and that (11) plaintiff's incapacity, if any, found by the jury, and (12) any incapacity of plaintiff, was not caused solely by disease independent of and not aggravated by his injury. The verdict was accepted by Judge Boyer and the jury was discharged.

Plaintiff filed his motion to disregard the jury's answer to special issue no. 1 and for judgment non obstante veredicto. Defendant filed its motion to disregard the jury findings to special issues numbered 6, 7, 8 and 10 and for judgment, and, alternatively, its motion for new trial. The motions were heard and thereafter Judge Boyer addressed to the attorneys a letter, the pertinent portions of which read as follows:

"The Court has reached the conclusion that the answers of the jury to the issues submitted in the above cause do not entitle either party to a judgment.

"The granting of a judgment in favor of plaintiff must primarily be based upon the affirmative answer to Special Issue Number 6 on partial incapacity. To do so, the Court would be required to completely disregard the negative answer to Special Issue Number 1. Without consideration of a previous finding by the jury of an 'as a natural result of *said* accidental injury or injuries, if any, received on or about December 2, 1970' borders closely on a comment by the Court notwithstanding the words 'if any' used therein.

"The granting of a judgment in favor of defendant would be manifestly unjust to the rights of defendant (sic) in view of the jury's answers to Special Issue Number 6 and the issues submitted following same.

"Actually, after much study of this unusual situation, I believe that the answer to Special Issue Number 1 conflicts with the answer to Special Issue Number 6, and the Court should have so treated same and sought to have the conflict reconciled by the jury before the verdict was received and the jury discharged.

"The defendant's motion for new trial is granted. It will be necessary that an order granting a new trial be prepared and sent to me for entry. * * * (T)he Court desires to enter judgment to the effect that the verdict of the jury be set aside and that no judgment be entered for either party."

Two days later, while he had jurisdiction of the cause, Judge Boyer entered an order setting aside the jury verdict and granting a new trial, but no reason therefor is stated in the order.

Relator's position here is that he is entitled to the writ of mandamus commanding respondent Boyer to perform a ministerial duty and enter judgment in his favor on the verdict. Relator postulates his right to judgment upon the premise that respondent Boyer granted the motion for new trial solely on a conflict in the jury's answers to special issues no. 1 and no. 6. Relator then argues that there is no support in the evidence for the submission of special issue no. 1, it being uncontroverted that he suffered the injury, and the issue is immaterial, even though he requested its submission. He reaches the conclusion that there is not a conflict in the verdict, and respondent Boyer erred in entering the order for a new trial based upon the ground of an irreconcilable conflict, because respondent Boyer was faced only with the discharge of a ministerial duty as distinguished from an exercise of judicial discretion.

While respondents deny some of the factual allegations in relator's petition, it is respondents' position here that, even assuming the factual allegations are correct as made by relator, the writ will not lie because relator's petition does not state a cause of action for the writ. This is so, reason respondents, because if respondent Boyer is to perform only a ministerial duty, he is required to enter judgment for respondent T.E.I.A. since the answer to special issue no. 1 is dominant and controlling and the answers to special issues nos. 6, 7, 8 and 10 are subservient thereto; otherwise, his act in setting aside the jury's verdict and granting a new trial was an exercise of judicial discretion within his jurisdiction and not subject to mandamus.

The authority given an intermediate appellate court to issue writs of mandamus is established by Vernon's Ann.Civ. St. arts. 1823 and 1824, and extends only to writs necessary to enforce its jurisdiction and to compel a trial court to proceed to trial and judgment. Thus, generally, there is no legal sanction to dictate by mandamus the character of the decision, order or judgment that shall be entered by the trial judge, for such is usually a matter of discretionary judgment, and this is particularly applicable to orders for new trial. The jurisdiction permitted a court of civil appeals to compel a trial judge, by writ of mandamus, to set aside an order granting a new trial is limited to those situations in which (1) the trial court's order is wholly void, and (2) the new trial was granted upon the specific ground stated in the order that the jury's answers to the special issues were conflicting. Johnson v. Court of Civil Appeals for Seventh Supreme Judicial Dist. of Texas, 162 Tex. 613, 350 S. W.2d 330 (1961). Respondent Boyer's order granting the motion for new trial was timely entered and assigned no reason therefor. The same fact situation present in the *Johnson* case resulted in the holding that the court of civil appeals did not have the authority to order the writ of mandamus to issue.

Were we to consider the trial court's communication to counsel a part of the new trial order, which we do not, even to the extent of searching for the reason for

the new trial, the letter does not disclose that a new trial was granted for the sole and only reason that an irreconcilable conflict existed in the jury's answers to the special issues. However the letter may be interpreted, the salient fact is that the communication declared that the jury verdict would be set aside and a new trial granted. This is precisely what the order did without reference to any reason or ground upon which the actions were based.

■ Rule 300, Texas Rules of Civil Procedure, has among its dictates a proviso that the trial court shall render judgment upon the special verdict unless the verdict is set aside or a new trial is granted. Respondent Boyer denied the motions of both relator and respondent T.E.I.A. to disregard certain jury answers and for judgment; he set aside the jury's verdict and granted respondent T.E.I.A.'s motion for new trial. The motion for new trial was predicated on seven grounds, but the motion did not include as one of the grounds an asserted conflict in the jury's answers. Whether or not the motion stated a sufficient reason for the new trial is a matter of discretion with the trial court which cannot be controlled by mandamus, even if the court erroneously granted the motion. Hunsinger v. Boyd, 119 Tex. 182, 26 S.W. 2d 905 (1930).

Having exercised his judicial discretion to set aside the jury verdict and grant a new trial as he was authorized to do by Rule 300, T.R.C.P., it was not respondent Boyer's ministerial duty to enter judgment on the special issue verdict in the cause, Trevino v. Doughty, District Judge, 311 S. W.2d 276 (Tex.Civ.App.—San Antonio, 1958, no writ), and the court of civil appeals is without authority to so order. Johnson v. Court of Civil Appeals for Seventh Supreme Judicial Dist. of Texas, supra.

The petition for writ of mandamus is denied.