

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

March 27, 1985

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Carlos D. Godinez, M.D.
President
Texas State Board of Medical
    Examiners
P. O. Box 13562, Capitol Station
Austin, Texas    78711

Opinion No. JM-304

Re: Whether section 5.09(a) of article 4495b, V.T.C.S., authorizes a physician to collect reimbursement for drugs supplied to patients

Dear Dr. Godinez:

You ask whether a physician may be reimbursed for the cost of dangerous drugs or controlled substances supplied a patient under the authority of section 5.09(a) of article 4495b, V.T.C.S., of the Medical Practice Act. Article 5.09 reads in its entirety:

> Sec. 5.09. (a) A person licensed to practice medicine under this Act is authorized to supply the needs of his patients with any drugs or remedies as are necessary to meet the patients' immediate needs; provided, however, this section does not permit the physician to operate a retail pharmacy without first complying with the Texas Pharmacy Act.

> (b) A licensed physician who practices medicine in a rural area in which there is no pharmacy may maintain a supply of dangerous drugs in the office of the physician to be dispensed in the course of treating the physician's patients and may be reimbursed for the cost of supplying those drugs without obtaining a license under the Texas Pharmacy Act (Article 4542a-1, Vernon's Texas Civil Statutes). Such physicians shall comply with all appropriate labeling sections applicable to this class of drugs under the Texas Pharmacy Act, and oversee compliance with packaging and recordkeeping sections applicable to this class of drugs. For the purposes of this subsection:

> (1) the term 'rural area' means an area in which there is no pharmacy within a 15-mile radius of the physician's office, and is within:

(A) a county with a total population of 5,000 or less according to the most recent federal census; or

(B) a city or town, incorporated or unincorporated, with a population of less than 2,500, according to the most recent federal census, but shall not include a city or town, incorporated or unincorporated, whose boundaries are adjacent to an incorporated city or town with an equal or greater population.

(2) the term 'reimbursed for cost' shall mean an additional charge separate from that made for the physician's professional services which include the cost of the drug product and all other actual costs to the physician incidental to providing the dispensing service but not including a separate fee for the act of dispensing the drug product itself.

The Sixty-eighth Legislature added section 5.09(b) to the Medical Practice Act and an identical provision to the Texas Pharmacy Act. Acts 1983, 68th Leg., ch. 890, §§1, 2 (codified as V.T.C.S. arts. 4542a-1, §33(c); 4495b, §5.09). The same enactment placed the word "retail" before "pharmacy" in section 5.09(a), originally enacted in 1981 as section 5.09 of the Medical Practice Act. See Acts 1981, 67th Leg., 1st C.S., ch. 1 at 1.

You first ask:

1. May a physician who, under the authority of section 5.09(a) of the Medical Practice Act, supplies dangerous drugs or controlled substances to a patient to meet the patient's immediate needs, be reimbursed for the cost of the drug product supplied if [certain conditions are met].

The Medical Practice Act does not define "supply." However, section 3.06(d), authorizing a physician to delegate to others the administration or provision of dangerous drugs, defines "provision" as follows:

'provision' means to supply one or more unit doses of a drug, medicine, or dangerous drug. The drug or medicine shall be supplied in a suitable container that has been labeled in compliance with the applicable drug laws. (Emphasis added).

V.T.C.S. art. 4495b, §3.06(d)(3)(4). When the patient is "supplied" medicine, he is given one or more doses to take with him and to use

according to the physician's instructions. See also V.T.C.S. art. 4542a-1, §19(f); Attorney General Opinion MW-410 (1981) (under Pharmacy Act physician may administer medication to patients without being licensed as a pharmacist).

Section 5.09(a) does not expressly permit reimbursement for the cost of drugs supplied under its authority. It does not permit a physician to operate a retail pharmacy without first complying with the Texas Pharmacy Act. The Texas Pharmacy Act, article 4542a-1, V.T.C.S., includes in section 19 an exemption for physicians expressed in language similar to that in section 5.09(a):

> (c) This Act does not apply to a practitioner licensed by the appropriate state board who supplies his patients with drugs in a manner authorized by state or federal law and who does not operate a pharmacy for the retailing of prescription drugs.

Texas Pharmacy Act, Acts 1981, 67th Leg., ch. 255, §19(c), at 650 ("retailing" is incorrectly codified at V.T.C.S. art. 4542a-1, §19(c)). Section 19(c) and section 5.09(a) are provisions in pari materia which should be construed together. Calvert v. Fort Worth National Bank, 356 S.W.2d 918 (Tex. 1962); State Board of Dental Examiners v. Fenlaw, 357 S.W.2d 185 (Tex. Civ. App. - Dallas 1962, no writ).

The Pharmacy Act does not prevent a physician from charging a separate fee for administering drugs. V.T.C.S. art. 4542a-1, §19(d). "Administer"

> means the direct application of a prescription drug by injection, inhalation, ingestion, or any other means to the body of a patient by:
>
> (A) a practitioner or an authorized agent under his supervision; or
>
> (B) the patient at the direction of a practitioner.

Id. §5(2). Nor is a physician barred from dispensing or distributing prescription drugs to his own patients. Id. §19(a),(c). The relevant terms are defined as follows:

> (16) 'Dispense' means preparing, packaging, compounding, or labeling for delivery a prescription drug or device in the course of professional practice to an ultimate user or his agent by or pursuant to the lawful order of a practitioner.

> (17) 'Distribute' means the delivery of a prescription drug or device other than by administering or dispensing. (Emphasis added).

_Id._ §5(16), (17). However, he may not "operate a pharmacy for the retailing of prescription drugs." _Id._ §19(c); see also V.T.C.S. art. 4495b, §5.09(a). If a physician sells drugs to individual patients, even at cost, the pharmacy act considers him to be operating a pharmacy for the retailing of drugs. See Attorney General Opinion MW-410 (1981).

Attorney General Opinion MW-410 (1981) construed section 19(c) of the Texas Pharmacy Act to prohibit the physician from charging a separate fee for drugs provided to the patient for self-medication. The opinion states as follows:

> We believe a physician who charges a separate fee for dispensing drugs to a patient for self-medication engages in the retailing of drugs. When a physician retails drugs, he is engaging in the practice of pharmacy within the statutory definition. A physician may, however, administer drugs directly to his patients, see sections 5(2), 19(d), and we believe he may make a separate charge for so doing without engaging in the practice of pharmacy.

Accordingly, section 5.09(a) of the Medical Practice Act, construed in pari materia with section 19(c) of the Pharmacy Act, prohibits a physician from charging a fee to cover the cost of drugs supplied to a patient for self-medication, unless such physician practices in "a rural area" as defined in article 5.09(b).

You also ask:

> 2. If a physician may not be reimbursed for the cost of a drug product supplied to a patient under the circumstances described in the first question, are there any circumstances under which a physician may be reimbursed for the actual costs to the physician of a drug product supplied to a patient to meet the patient's immediate needs, other than the circumstances described in the new Section 5.09(b) of the Medical Practice Act, which addresses the authority of rural physicians to dispense dangerous drugs?

Section 5.09(b) and an identical provision codified as section 33(c) of article 4542a-1, V.T.C.S., authorize a physician who practices in a "rural area" to dispense dangerous drugs to his patients and be reimbursed for the cost of supplying the drugs.

"Rural area" is defined restrictively. This narrow exception was enacted to exempt rural physicians from the prohibition against charging a separate fee for prescription medicine supplied to patients. See Bill Analysis to House Bill No. 1474, prepared for House Committee on Public Health, filed in Bill File to House Bill No. 1474, Legislative Reference Library (bill which included §5.09(b) of article 4495b, V.T.C.S., and §33(c) of article 4542a-1, V.T.C.S.).

Section 5.09(b), as an exception to a general prohibition, should be strictly construed. Hunsinger v. Boyd, 26 S.W.2d 905 (Tex. 1930). Corpus Christi v. McClaugherty, 284 S.W.2d 927 (Tex. Civ. App. - San Antonio 1955, writ ref'd). Unless he complies with the various requirements of section 5.09(b), a physician who is not a licensed pharmacist may not be reimbursed for the cost of drugs supplied to meet a patient's immediate needs.

## S U M M A R Y

A physician who supplies dangerous drugs or controlled substances to a patient under authority of section 5.09(a), article 4495b, V.T.C.S., may not be reimbursed for the cost of the product supplied. Section 5.09(b) provides an exception permitting rural physicians who come within its terms to charge a fee for the cost of drugs supplied to patients.

Very truly your

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Jim Moellinger
Jennifer Riggs